PAUL L. REIN, Esq., (SBN 43053)
JULIE A. OSTIL, Esq., (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787

BRIAN GEARINGER, Esq. (SBN 146125)
MOSLEY & GEARINGER LLP
825 Van Ness Ave., 4th Floor
San Francisco, CA 94109-7891
Telephone: 415/440-3175
Facsimile: 415/440-3103

Attorneys for Plaintiff
CONCETTA JORGENSEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCETTA JORGENSEN,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC.; GARY DOVE; DEBORAH DOVE; and DOES 1-50, Inclusive,<br><br>Defendants.<br>_____ / | CASE NO. C07-03278<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, AND PER CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND §55; and HEALTH & SAFETY CODE §§19955, *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CONCETTA JORGENSEN complains of defendants SAFEWAY, INC.; GARY DOVE; DEBORAH DOVE; and DOES 1-50, Inclusive, and each of them, and alleges as follows:

1. **INTRODUCTION:** This case involves the denial of accessible facilities, to plaintiff, a qualified disabled person, at the Safeway store at 2

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -1-       S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

Camino Sobrante, Orinda, California. As the result of such denial of accessible facilities, plaintiff suffered severe physical personal injuries as well as denial of her civil rights. Plaintiff Concetta Jorgensen is a "person with a disability" or "physically handicapped person," who requires use of a motorized wheelchair due to advance multiple sclerosis, and is unable to safely or with full and equal access use portions of public facilities which are not fully accessible to physically disabled persons who have mobility disabilities. Plaintiff has been a customer at this Safeway for more than 15 years. Safeway and defendants recently modified and changed the configuration of walkways and disabled parking spaces, but failed to leave an accessible path of travel to the designated "van-accessible" parking space where plaintiff's van was regularly parked by plaintiff's attendant while plaintiff shopped at the Safeway store. As a result, when plaintiff attempted to return to the passenger side of her vehicle after shopping in the Safeway store on March 29, 2007, she went over a curb leading from the walkway to the unloading zone adjacent to the passenger side of her vehicle's parking space where there previously had been a curb cut/ramp. This curb in question had no warning marker as to its existence and constituted a hazard for plaintiff, especially as the unloading zones to the other four disabled parking spaces at the Safeway store had curb cuts leading to them, and it was difficult or impossible for plaintiff to see the lack of a curb cut from plaintiff's three foot high vantage point of view from her wheelchair. As a result, plaintiff sustained serious personal injuries including, but not limited to facial cuts and bruises and a broken collarbone. Plaintiff was denied her rights to full and equal access at these facilities, and was denied her civil rights under both California law and federal law, as hereinbelow described, because these facilities were not, and are not now, properly accessible to physically disabled persons, such as plaintiff. Plaintiff seeks injunctive relief to require defendants to make these specified facilities accessible to disabled persons and to ensure that any disabled person who

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -2-    S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

1  attempts to use the facilities will be provided safe and accessible paths of travel to
2  all accessible parking facilities. Plaintiff also seeks recovery of damages for her
3  physical personal injuries and discriminatory experiences and denial of access and
4  denial of her civil rights, which denials are continuing as a result of defendants'
5  failure to provide disabled accessible facilities. Plaintiff also seeks recovery of
6  reasonable attorney fees, litigation expenses and costs, according to statute.

7  2.  **JURISDICTION:** This Court has jurisdiction of this action
8  pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act
9  of 1990, 42 USC 12101, *et seq*. Pursuant to the Court's supplemental
10 jurisdiction, attendant and related causes of action arising from the same facts are
11 also brought under California law, including but not limited to violations of
12 California Government Code §§ 4450, *et. seq.*; Health & Safety Code §§ 19955,
13 *et seq.*, including § 19959; Title 24 California Code of Regulations; and
14 California Civil Code §§ 51, 52, 54, 54.1 and 55.

15 3.  **VENUE:** Venue is proper in this Court pursuant to 28 USC 1391(b)
16 and is founded on the fact that the real property which is the subject of this action
17 is located in this district and that plaintiff's causes of action arose in this district.

18 4.  **INTRADISTRICT:** This case should be assigned to the San
19 Francisco/Oakland intradistrict as the real property which is the subject of this
20 action is located in this intradistrict and plaintiff's causes of action arose in this
21 intradistrict.

22 5.  **PARTIES:** Plaintiff is a qualified physically disabled person with
23 multiple sclerosis who requires use of a motorized wheelchair for locomotion.
24 Her vehicle, driven by a companion or assistant, is a van with a disabled license
25 which entitles her to park in designated disabled accessible and van-accessible
26 parking spaces. Defendants SAFEWAY, INC.; GARY DOVE; DEBORAH
27 DOVE; and DOES 1-50, Inclusive, are the owners, operators, lessors, and lessees
28 of the Orinda Safeway store and its adjacent parking facilities, including the real

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -3-   S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

1  property, buildings, and other facilities located 2 Camino Sobrante, in Orinda,
2  California. All such areas constitute public facilities and public accommodations.
3  Each of the subject areas, premises, and facilities complained of herein is owned
4  and operated by the named defendants and is a "public facility" and "public
5  accommodation" subject to the requirements of Title III of the Americans With
6  Disabilities *Act* of 1990, California Health & Safety Code §§ 19955, *et seq.*, Title
7  24 (California's Building Code), and of California Civil Code §§ 51, 52, 54, 54.1
8  *et seq.* Further, all such premises and facilities are subject to the "readily
9  achievable" barrier removal requirements of Title III of the Americans With
10 Disabilities Act of 1990, per 42 U.S.C. 12181*ff.*

11       6.     The true names and capacities of defendants Does 1 through 50,
12 inclusive, are unknown to plaintiff who therefore sues said defendants by such
13 fictitious names. Plaintiff is informed and believes that each of the defendants
14 herein designated as a "Doe" is legally responsible in some manner for the events
15 and happenings herein referred to and caused injury and damages proximately
16 thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to
17 show such true names and capacities when the same have been ascertained.

18       7.     Defendants SAFEWAY, INC.; GARY DOVE; DEBORAH DOVE;
19 and DOES 1 through 50, inclusive, are and were the owners, operators, lessors
20 and lessees of the subject premises, facilities, property and/or buildings at all
21 times relevant to this Complaint. Plaintiff is informed and believes that each of
22 the defendants herein is the agent, employee or representative of each of the other
23 defendants, and performed all acts and omissions stated herein within the scope of
24 such agency or employment or representative capacity and is responsible in some
25 manner for the acts and omissions of the other defendants in proximately causing
26 the damages complained of herein.
27 //
28 //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -4-     S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

**FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY**
(Cal. Health & Saf. Code §§ 19955, *et seq.*, Civ. Code §§ 54*ff*)

8. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately repled hereafter.

9. Plaintiff Concetta Jorgensen and other similarly situated physically disabled persons, including those who require the use of a wheelchair, walker, crutches, cane or other assistive device, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955, *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955, *et seq.*

10. California Health & Safety Code §§ 19955 and 19955.5 were enacted, "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450), of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the public facilities and public accommodations which are located within the property owned and operated by defendants. Title 24, California Code of Regulations, formerly known as the California Administrative Code and now known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the subject premises, facilities, and buildings during the period Title 24 has been in effect.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -5-    S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

1    11.    **FACTUAL STATEMENT:**    At all times herein mentioned, plaintiff Concetta Jorgensen, as the result of an advanced multiple sclerosis, has been a qualified physically disabled person as defined by the Americans With Disabilities Act of 1990 and all California statutes enacted for the protection of physically disabled persons with mobility disabilities.  As a result of her disabilities, plaintiff has at all times relevant to this Complaint been unable to walk, requiring the use of a motorized wheelchair.  As a result, plaintiff has been granted a disabled license for her vehicle and is entitled to disabled accessible public facilities and accommodations at all relevant locations.

12.    On or about March 29, 2007, the premises of the Orinda Safeway, at 2 Camino Sobrante, Orinda, California, were out of compliance with federal and state accessibility requirements in multiple respects, including but not limited to, the lack of a safe and accessible route from the passenger side of vehicles parked in the southernmost designated van-accessible parking space in front of the Safeway.  On information and belief, although Safeway employees were aware that plaintiff Concetta Jorgensen had been a regular customer for more than 15 years, using her motorized wheelchair and regularly parking in a designated van-accessible disabled parking space just to the south of the Safeway store's main front entrance, defendants reconfigured the unloading zone for this parking space at some time in the past two years and replaced the existing curb cut/ramp with a solid curb, but without contrast yellow striping or other warnings to wheelchair users at the location where there previously had been a curb ramp.  Further, defendants left as the only "usable" path of travel into the Safeway store from the passenger side unloading zone of this parking place, for a wheelchair user to go around the back of the vehicle, into the vehicular lane of traffic in the parking lot and across an area with an improperly steep side slope in order to reach the front entrance ramp leading to the Store's entrance.  Although plaintiff had entered the Store using this route, at the risk of being hit by vehicles in the parking lot lane of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -6-    S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

traffic, when she returned to her vehicle it appeared from her vantage point of view that the alternative route still existed directly from the walkway curb in front of the Store onto her parked van's passenger side unloading zone. However, because of its location and present configuration, as well as the previous configuration that included a curb cut/ramp, the drop off from the curb onto the unloading zone was virtually invisible to plaintiff in her wheelchair and unexpected by her. At such time and place, when plaintiff Concetta Jorgensen attempted to return to the unloading zone adjacent to the passenger side of her vehicle by the route where there had previously been a curb ramp prior to the alterations by defendants, she went over the curb and was pitched forward, still strapped into her wheelchair, striking her face and chest areas directly on the pavement, and suffered serious personal injuries, according to proof.

13. As of March 29, 2007, and continuing to the filing of this Complaint, these public facilities were and are not properly accessible to persons with disabilities - and will continue to be inaccessible in the future until the parking areas and facilities, and exterior paths of travel to and from the Safeway store entrance, are brought into compliance with all applicable federal and state code requirements.

14. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

15. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -7-    S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

16. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis to have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled, including those who use wheelchairs, walkers, crutches, or canes, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities who requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and is deterred from using these facilities until they are made properly accessible to disabled persons. Plaintiff alleges that she intends, once legally required access has been provided, to make use of all specified facilities. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court.

17. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code § 19953 and California Civil Code § 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code § 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -8-    S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

law, all as hereinafter prayed for.

18. **DAMAGES:** As a result of the denial of equal access to these facilities, and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, plaintiff suffered physical, mental and emotional injuries, and general and special damages, and violations of her civil rights, including but not limited to rights under California Civil Code §§ 54 and 54.1, all to her damages per Civil Code § 54.3, including statutory treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the defendants in violation of the subject laws, to use these public facilities on a full and equal basis as other persons.

19. **TREBLE DAMAGES :** On information and belief, defendants have continued to maintain inaccessible premises despite knowledge that their premises denied full and equal access to disabled persons, including plaintiff. Defendants are responsible for treble damages per California Civil Code § 54.3.

20. **FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of California Civil Code §§ 54.3 and 55, and California Health & Safety Code §§ 19953 *ff*. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities properly accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -9-   S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

applicable law.

Wherefore plaintiff prays for relief as hereinafter stated.

### SECOND CLAIM FOR RELIEF: VIOLATION OF UNRUH CIVIL RIGHTS ACT CALIFORNIA CIVIL CODE §§ 51 AND 52, ON THE BASIS OF DISABILITY

21.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 20, above, and incorporates them herein by reference as if separately repled hereafter.

22.  At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per § 51(f),

> A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

23.  Plaintiff suffered damages as above described as a result of defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but not limited to violations of the ADA, as described in the Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled. California Civil Code § 52(a) provides that each such violation entitles plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiff prays for damages and injunctive relief as

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -10-   S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

hereinafter stated.

### THIRD CLAIM FOR RELIEF:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101*FF*

24.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 23 of this Complaint, and incorporates them herein as if separately repled.

25.    Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

26.    Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -11-    S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

27.  As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). The subject properties and facilities are among the "private entities" which are considered "public accommodations" for purposes of this title, <u>including but not limited to</u>, per §301(7)(e), "a... grocery store,... shopping center, or other sales or rental establishment." [42 USC 12181(7)(e)]

28.  Pursuant to § 302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

29.  Among the specific prohibitions against discrimination were included:

<u>§302(b)(2)(A)(ii)</u>: "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

<u>§302(b)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

<u>§302(b)(2)(A)(iv)</u>: "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

<u>§302(b)(2)(A)(v)</u>: "where an entity can demonstrate that the removal of a barrier

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -12-   S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36*ff*.

30. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, structural repairs or additions since January 26, 1992 have independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA, as well as per California Health and Safety Code § 19959.

31. Further, defendants and each of them have independently violated all referenced standards since January 26, 1992, by the manner in which they have painted and configured their parking spaces and adjacent walkways, curbs, and paths of travel, and the manner in which they have constructed, altered, and maintained the subject designated "disabled" parking space, creating a dangerous condition for disabled persons such as plaintiff who might park in the subject designated disabled parking space and emerge from and later return to the passenger side of their vehicle and miss the curb which has no warning features, especially if prior to recent renovation a curb ramp existed, which was later removed, within the last two years.

32. On information and belief, as of March 29, 2007, and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, in other respects, which violated plaintiff's rights to full and equal access and which discriminated against plaintiff

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -13-    S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

on the basis of her disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of § 302 of the ADA, 42 USC §12182.

33.   Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, § 308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of § 302 and § 303. On information and belief, defendants have continued to violate the law and to deny the rights of plaintiff and other disabled persons access to this public accommodation since on or before plaintiff's encounters as previously discussed. Pursuant to § 308(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

34.   Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the premises specified hereinabove.

Wherefore plaintiff prays for relief as hereinafter stated.

//
//
//
//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -14-    S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

# PRAYER

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the premises hereinabove described to modify the above described premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages, special damages, and treble damages, in amounts within the jurisdiction of the Court, all according to proof;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Calif. Civil Code § 3291; and,

6. Grant such other and further relief as this Court may deem just and proper.

Dated: June 21, 2007

LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN, Esq.
Attorneys for Plaintiff
CONCETTA JORGENSEN

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -15-   S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 21, 2007

LAW OFFICES OF PAUL L. REIN

*/s/ Paul L. Rein*

By PAUL L. REIN, Esq.
Attorneys for Plaintiff
CONCETTA JORGENSEN

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -16-    S:\SLR\SAFEWAY\PLEADINGS\SAFEWAY.CMP.wpd