1 | **DILLINGHAM & MURPHY, LLP**
WILLIAM F. MURPHY (CSB NO. 082482)
2 | J. CROSS CREASON (CSB NO. 209492)
THOMAS C. CHOW (CSB NO. 232580)
3 | 225 Bush Street, 6th Floor
San Francisco, California 94104-4207
4 | Telephone:    (415) 397-2700
Facsimile:    (415) 397-3300
5 |
6 | Attorneys for Defendants
SAFEWAY INC., GARY DOVE
and DEBORAH DOVE
7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 | **OAKLAND DIVISION**

11 |

12 | CONCETTA JORGENSEN,          Case No.: No. C07-03278 CW

13 |         Plaintiff,          **ANSWER TO COMPLAINT**

14 |     vs.

15 | SAFEWAY INC., GARY DOVE;
DEBORAH DOVE; and DOES 1-50,
16 | inclusive,

17 |         Defendants.

18 |

19 |     COME NOW Defendants GARY DOVE and DEBORAH DOVE (hereafter

20 | "Defendants") and answer Plaintiff CONCETTA JORGENSEN's (hereafter "Plaintiff")

21 | Complaint for Preliminary and Permanent Injunctive Relief and Damages (hereafter

22 | "Complaint") as follows:

23 |     1.    Responding to Paragraph 1 of the Complaint, Defendants admit that at a Safeway

24 | store is operated at 2 Camino Sobrante, Orinda, California. Defendants admit the allegation that

25 | changes to the walkways and parking spaces had been made. Defendants make no answer to the

26 | extent that the allegations of Paragraph 1 are legal conclusions to which no response is

27 | necessary. Defendants currently lack information sufficient to respond to the allegations that

28 | Plaintiff suffered any injuries, and on that basis only deny said allegations. Defendants currently

1   lack information sufficient to respond to the allegations that Plaintiff is a "person with a
2   disability" or a "physically handicapped person", and on that basis only deny said allegations.
3   Defendants currently lack information sufficient to respond to the allegations that Plaintiff has
4   been a customer of Safeway for more than 15 years, and on that basis only deny said allegations.
5   Defendants currently lack information sufficient to respond to the allegations that the curb had
6   no warning marking and constituted a hazard for Plaintiff, and on that basis only deny said
7   allegations.  Except as expressly stated, Defendants deny each and every allegation contained in
8   Paragraph 1 of the Complaint.
9           2.      Responding to Paragraph 2 of the Complaint, Defendants admit that this Court
10  has jurisdiction over this action.  Defendants currently lack information sufficient to respond to
11  the allegations that the Court has supplemental jurisdiction, and on that basis only deny said
12  allegations.  Except as expressly stated, Defendants deny each and every allegation contained in
13  Paragraph 2 of the Complaint.
14          3.      Responding to Paragraph 3 of the Complaint, Defendants admit that venue is
15  proper in this Court.  Except as expressly stated, Defendants deny each and every allegation
16  contained in Paragraph 3 of the Complaint.
17          4.      Responding to Paragraph 4 of the Complaint, Defendants admit that the
18  assignment of this case is proper in this intra district.  Except as expressly stated, Defendants
19  deny each and every allegation contained in Paragraph 4 of the Complaint.
20          5.      Responding to Paragraph 5 of the Complaint, Defendants currently lack
21  information sufficient to respond to the allegations that Plaintiff is a qualified physically disabled
22  person, and on that basis only deny said allegations.  Defendants currently lack information
23  sufficient to respond to the allegations regarding Plaintiff's van, and on that basis only deny said
24  allegations.  Defendants admit the allegations that a Safeway store is operated at 2 Camino
25  Sobrante, Orinda, and California.  Defendants currently lack information sufficient to respond to
26  the allegations that all areas constitute public facilities and public accommodations, and on that
27  basis only deny said allegations.  Defendants make no answer to the extent that the allegations of
28  Paragraph 5 are legal conclusions to which no response is necessary.  To the extent a response is

1   necessary, Defendants currently lack information sufficient to respond to the allegations, and on

2   that basis only deny said allegations.  Except as expressly stated, Defendants deny each and

3   every allegation contained in Paragraph 5 of the Complaint.

4        6.       Responding to Paragraph 6 of the Complaint, Defendants make no answer to the

5   extent that the allegations of Paragraph 6 are legal conclusions to which no response is

6   necessary.  To the extent a response is necessary, Defendants currently lack information

7   sufficient to respond to the allegations regarding DOE Defendants, and on that basis only deny

8   said allegations.  Except as expressly stated, Defendants deny each and every allegation

9   contained in Paragraph 6 of the Complaint.

10       7.       Responding to Paragraph 7 of the Complaint, Defendants admit the allegations

11  that Safeway operated a store on the subject premises.  Defendants admit that Deborah Dove was

12  an owner of the subject premises.  Defendants make no answer to the extent that the allegations

13  of Paragraph 7 are legal conclusions to which no response is necessary.  To the extent a response

14  is necessary, Defendants currently lack information sufficient to respond to the allegations that

15  each defendant is an agent, employee, or representative of each of the other defendants, and on

16  that basis only deny said allegations.  Except as expressly stated, Defendants deny each and

17  every allegation contained in Paragraph 7 of the Complaint.

18       8.       Paragraph 8 of the Complaint does not state any allegations requiring a response.

19  To the degree Paragraph 8 purports to reincorporate the allegations of Paragraphs 1 – 7 of the

20  Complaint, Defendants herewith reincorporate their responses thereto as though fully set forth

21  herein.

22       9.       Responding to Paragraph 9 of the Complaint, Defendants make no answer to the

23  extent that the allegations of Paragraph 9 are legal conclusions to which no response is

24  necessary.  Defendants currently lack information sufficient to respond to the allegations that

25  Plaintiff is unable to use public facilities on a full and equal basis, and on that basis only deny

26  said allegations.  Defendants currently lack information sufficient to respond to the allegations

27  that Plaintiff is a member of a protected portion of the public, and on that basis only deny said

28  allegations.  Except as expressly stated, Defendants deny each and every allegation contained in

1    Paragraph 9 of the Complaint.

2          10.    Responding to Paragraph 10 of the Complaint, the allegations purport to recite the

3    text of statutes, to which no response is required. Defendants make no answer to the extent that

4    the allegations of Paragraph 10 are legal conclusions to which no response is necessary. To the

5    extent a response is necessary, Defendants currently lack information sufficient to respond to the

6    allegations that the Health and Safety Code apply to the Safeway store operated by on the said

7    property, and on that basis only deny said allegations. Defendants admit that certain alterations

8    were performed at the premises. Except as expressly stated, Defendants deny each and every

9    allegation contained in Paragraph 10 of the Complaint.

10          11.    Responding to Paragraph 11 of the Complaint, Defendants make no answer to the

11    extent that the allegations of Paragraph 11 are legal conclusions to which no response is

12    necessary. To the extent a response is necessary, Defendants currently lack information

13    sufficient to respond to the allegations regarding Plaintiff's status under the Americans with

14    Disabilities Act, and on that basis only deny said allegations. Defendants currently lack

15    information sufficient to respond to the allegations regarding Plaintiff's condition and legal

16    entitlements, and on that basis only deny said allegations. Except as expressly stated,

17    Defendants deny each and every allegation contained in Paragraph 11 of the Complaint.

18          12.    Responding to Paragraph 12 of the Complaint, Defendants make no answer to the

19    extent that the allegations of Paragraph 12 are legal conclusions to which no response is

20    necessary. Defendants admit that the parking area was reconfigured. Defendants currently lack

21    information sufficient to respond to the allegations regarding Plaintiff's history, condition,

22    actions, visibility, travel route, and/or injuries, and on that basis only deny said allegations.

23    Defendants currently lack information sufficient to respond to the remaining allegations, and on

24    that basis only deny said allegations. Except as expressly stated, Defendants deny each and every

25    allegation contained in Paragraph 12 of the Complaint.

26          13.    Responding to Paragraph 13 of the Complaint, Defendants make no answer to the

27    extent that the allegations of Paragraph 13 are legal conclusions to which no response is

28    necessary. To the extent a response is necessary, Defendants deny each and every allegation

1  contained in Paragraph 13 of the Complaint.

2      14.    Responding to Paragraph 14 of the Complaint, Defendants make no answer to the

3  extent that the allegations of Paragraph 14 are legal conclusions to which no response is

4  necessary.  To the extent a response is necessary, Defendants deny each and every allegation

5  contained in Paragraph 14 of the Complaint.

6      15.    Responding to Paragraph 15 of the Complaint, Defendants make no answer to the

7  extent that the allegations of Paragraph 15 are legal conclusions to which no response is

8  necessary.  To the extent a response is necessary, Defendants deny each and every allegation

9  contained in Paragraph 15 of the Complaint.

10     16.    Responding to Paragraph 16 of the Complaint, Defendants make no answer to the

11 extent that the allegations of Paragraph 16 are legal conclusions to which no response is

12 necessary.  To the extent a response is necessary, Defendants deny that members of the public

13 who are physically disabled are wrongfully excluded, or are excluded at all.  Defendants deny

14 that they discriminated against plaintiff or any other person, or caused injury of any sort to

15 Plaintiff, and are without knowledge or belief as to whether Plaintiff suffered humiliation, or

16 mental and emotional suffering of any kind or character.  Defendants currently lack information

17 sufficient to respond to the allegations that Plaintiff will use all "specified facilities", and on that

18 basis only deny said allegations.  Defendants currently lack information sufficient to respond to

19 the allegations that Plaintiff is deterred from using any facilities over which Defendants has

20 ownership, responsibility or control, and on that basis only deny said allegations.  Except as

21 expressly stated, Defendants deny each and every allegation contained in Paragraph 16 of the

22 Complaint.

23     17.    Responding to Paragraph 17 of the Complaint, Defendants make no answer to the

24 extent that the allegations of Paragraph 17 are legal conclusions to which no response is

25 necessary.  To the extent a response is necessary, Defendants deny each and every allegation

26 contained in Paragraph 17 of the Complaint.

27     18.    Responding to Paragraph 18 of the Complaint, Defendants make no answer to the

28 extent that the allegations of Paragraph 18 are legal conclusions to which no response is

1    necessary.  To the extent a response is necessary, Defendants currently lack information

2    sufficient to respond to the allegations that their alleged actions and omissions constitute

3    discrimination against Plaintiff, and on that basis only deny said allegations.  Defendants

4    currently lack information sufficient to respond to the allegations that Plaintiff suffered injuries

5    and damages, and on that basis only deny said allegations.  Except as expressly stated,

6    Defendants deny each and every allegation contained in Paragraph 18 of the Complaint.

7          19.    Responding to Paragraph 19 of the Complaint, Defendants make no answer to the

8    extent that the allegations of Paragraph 19 are legal conclusions to which no response is

9    necessary.  To the extent a response is necessary, Defendants deny each and every allegation

10   contained in Paragraph 19 of the Complaint.

11         20.    Responding to Paragraph 20 of the Complaint, Defendants make no answer to the

12   extent that the allegations of Paragraph 20 are legal conclusions to which no response is

13   necessary.  To the extent a response is necessary, Defendants currently lack information

14   sufficient to respond to the allegations that Plaintiff has incurred fees and costs, and on that basis

15   only deny said allegations.  Defendants currently lack information sufficient to respond to the

16   allegations that Plaintiff's lawsuit is intended to make the facilities accessible to all disabled

17   members of the public, and on that basis only deny said allegations.  Except as expressly stated,

18   Defendants deny each and every allegation contained in Paragraph 20 of the Complaint, and

19   further deny that Plaintiff is entitled to the relief requested, or to any relief at all.

20         21.    Paragraph 21 of the Complaint does not state any allegations requiring a response.

21   To the degree Paragraph 21 purports to reincorporate the allegations of Paragraphs 1 – 20 of the

22   Complaint, Defendants herewith reincorporate their responses thereto as though fully set forth

23   herein.

24         22.    Paragraph 22 of the Complaint purports to recite the text of statutes, to which no

25   response is required.

26         23.    Paragraph 23 of the Complaint purports to recite the text of statutes, to which no

27   response is required.  Defendants deny that they violated any statute or standard of care with

28   regard to Plaintiff or any other person.  To the extent a response is required to Paragraph 23 of the

1 Complaint, Defendants currently lack information sufficient to respond to the allegations that
2 Plaintiff suffered damages, and on that basis only deny said allegations. Except as expressly
3 stated, Defendants deny each and every allegation contained in Paragraph 23 of the Complaint,
4 and further deny that Plaintiff is entitled to the relief requested, or to any relief at all.

5 24. Paragraph 24 of the Complaint does not state any allegations requiring a response.
6 To the degree Paragraph 24 purports to reincorporate the allegations of Paragraphs 1 – 23 of the
7 Complaint, Defendants herewith reincorporate their responses thereto as though fully set forth
8 herein.

9 25. Paragraph 25 of the Complaint purports to recite the text of statutes, to which no
10 response is required.

11 26. Paragraph 26 of the Complaint purports to recite the text of statutes, to which no
12 response is required.

13 27. Paragraph 27 of the Complaint purports to recite the text of statutes, to which no
14 response is required. Defendants make no answer to the extent that the allegations of Paragraph
15 20 are legal conclusions to which no response is necessary. To the extent a response is required
16 to Paragraph 27 of the Complaint, Defendants deny each and every allegation contained in
17 Paragraph 27 of the Complaint.

18 28. Paragraph 28 of the Complaint purports to recite the text of statutes, to which no
19 response is required.

20 29. Paragraph 29 of the Complaint purports to recite the text of statutes, to which no
21 response is required. Except as expressly stated, Defendants deny each and every allegation
22 contained in Paragraph 29 of the Complaint.

23 30. Responding to Paragraph 30 of the Complaint, Defendants make no answer to the
24 extent that the allegations of Paragraph 30 are legal conclusions to which no response is
25 necessary. To the extent a response is necessary, Defendants currently lack information
26 sufficient to respond to the allegations that removal of barriers was readily achievable, and on
27 that basis only deny said allegations. Except as expressly stated, Defendants deny each and
28 every allegation contained in Paragraph 30 of the Complaint.

31.     Responding to Paragraph 31 of the Complaint, Defendants make no answer to the extent that the allegations of Paragraph 31 are legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants currently lack information sufficient to respond to the remaining allegations, and on that basis only deny said allegations.

32.     Responding to Paragraph 32 of the Complaint, Defendants make no answer to the extent that the allegations of Paragraph 32 are legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny each and every allegation contained in Paragraph 32 of the Complaint.

33.     Responding to Paragraph 33 of the Complaint, Defendants make no answer to the extent that the allegations of Paragraph 33 are legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants currently lack information sufficient to respond to the allegations regarding Plaintiff's beliefs, and on that basis only deny said allegations. Except as expressly stated, Defendants deny each and every allegation contained in Paragraph 33 of the Complaint.

34.     Responding to Paragraph 34 of the Complaint, Defendants make no answer to the extent that the allegations of Paragraph 34 are legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants currently lack information sufficient to respond to the allegations regarding Plaintiff's beliefs and status as a qualified disabled person, and on that basis only deny said allegations. Except as expressly stated, Defendants deny each and every allegation contained in Paragraph 34 of the Complaint, and further deny that Plaintiff is entitled to the relief requested, or to any relief at all.

**AFFIRMATIVE DEFENSES**

35.     AS A FIRST AFFIRMATIVE DEFENSE, Defendants allege that the Complaint, and each and every claim purportedly set forth therein, is barred in whole or in part by Plaintiff's negligent and/or culpable conduct and/or the negligent and/or culpable conduct of others and that accordingly, Plaintiff is entitled to no relief of any kind against Defendants.

36.     AS A SECOND AFFIRMATIVE DEFENSE, Defendants deny that any loss, damage or injury of any kind or character, of any sum or amount has been suffered by Plaintiff

1     by reason of any acts, omissions, carelessness, negligence, or intentional conduct on the part of

2     Defendants.

3          37.     AS A THIRD AFFIRMATIVE DEFENSE, Defendants allege that their conduct

4     was privileged and/or justified.

5          38.     AS A FOURTH AFFIRMATIVE DEFENSE, Defendants allege that they acted in

6     good faith and had reasonable grounds to believe that the alleged acts or omissions were not in

7     violation of any statute or regulation.

8          39.     AS A FIFTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff, by the

9     exercise of reasonable effort and/or care, could have mitigated the amount of damages alleged to

10     have been suffered, but Plaintiff has failed, neglected and refused, and continues to fail and

11     refuse to exercise a reasonable effort to mitigate the damages.

12          40.     AS A SIXTH AFFIRMATIVE DEFENSE, Defendants allege that any recovery

13     on Plaintiff's Complaint, or any purportedly alleged claim therein, is barred because Plaintiff has

14     failed to invoke and exhaust administrative remedies required to be invoked and exhausted prior

15     to the commencement of any action for recovery on the grounds asserted.

16          41.     AS A SEVENTH AFFIRMATIVE DEFENSE, Defendants allege that any

17     recovery or relief on Plaintiff's Complaint, or any purportedly alleged claim therein, is barred

18     because Plaintiff lacks standing to seek some portion or all of the relief sought in the Complaint.

19          42.     AS AN EIGHTH AFFIRMATIVE DEFENSE, Defendants allege that to the

20     extent Plaintiff relies on certain administrative regulations and other extra-legislative guidelines

21     as a basis for any recovery in this action, said administrative regulations and extra-legislative

22     guidelines are invalid.

23          43.     AS A NINTH AFFIRMATIVE DEFENSE, Defendants allege that steps to ensure

24     that the disabled are not denied services would result in an undue burden upon Defendants.

25          44.     AS A TENTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's

26     injuries, if any, were proximately caused by an unforeseeable, independent, intervening and/or

27     superseding event beyond the control, and unrelated to any conduct of Defendants. Defendants'

28     actions, if any, were superseded by the negligence and wrongful conduct of others.

45.    AS AN ELEVENTH AFFIRMATIVE DEFENSE, Defendants allege that the damages, if any, alleged herein by Plaintiff, are wholly attributable to a pre-existing injury or illness suffered by Plaintiff.

46.    AS A TWELFTH AFFIRMATIVE DEFENSE, Defendants allege that unless their liability for treble or other non-compensatory damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate their due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the California Constitution, and would be improper.

47.    AS A THIRTEENTH AFFIRMATIVE DEFENSE, Defendants allege that the alleged failure to remove architectural barriers and communication barriers is not readily achievable.

48.    AS A FOURTEENTH AFFIRMATIVE DEFENSE, Defendants reserve the right to plead additional defenses, and other matters of defense, to the Complaint, by way of amendment after further discovery and investigation.

## **PRAYER**

WHEREFORE, Defendants GARY DOVE and DEBORAH DOVE pray that the Court order a judgment decree:

1.    That Plaintiff take nothing by reason of her Complaint.

2.    That the Court deny Plaintiff's request for preliminary and permanent injunctive relief or any other relief.

3.    For attorneys' fees.

///
///
///
///

1    4.    For costs of suit.

2    5.    For such other relief as the Court deems just and proper.

3

4    DATED:  August 13, 2007                     DILLINGHAM & MURPHY, LLP
                                                 WILLIAM F. MURPHY
5                                                J. CROSS CREASON
                                                 THOMAS C. CHOW
6

7

8                                      By _____/s/ J. Cross Creason_____
                                          Attorneys for Defendants
9                                         SAFEWAY INC., GARY DOVE
                                          and DEBORAH DOVE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28