1  MICHAEL W. BOLECHOWSKI, ESQ. (SBN 118725)
   ERIC S. WONG, ESQ., (SBN 197310)
2  WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
3  San Francisco, California 94105-2725
   Telephone:    (415) 433-0990
4  Facsimile:    (415) 434-1370

5  Attorneys for Defendant and
   Third-Party Plaintiff
6  SAFEWAY, INC.

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 CONCETTA JORGENSEN,                )  Case No. C07-03278
                                      )
12        Plaintiff,                  )
                                      )  **THIRD PARTY COMPLAINT FOR**
13    v.                              )  **EXPRESS CONTRACTUAL**
                                      )  **INDEMNITY, EQUITABLE**
14 SAFEWAY, INC., GARY DOVE; DEBORAH  )  **INDEMNITY, CONTRIBUTION, AND**
   DOVE; and DOES 1 through 50,       )  **DECLARATION OF RIGHTS**
15 inclusive,                         )
                                      )
16        Defendants.                 )
   _____  )
17 SAFEWAY, INC.,                     )
                                      )
18        Cross-Complainant,          )
                                      )
19    v.                              )
                                      )
20 RANSOME COMPANY, OLSON CO. &       )
   STEEL, and MOES 1 through 25,      )
21 inclusive,                         )
                                      )
22        Cross-Defendants.           )
   _____  )
23

24        Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Defendant and Third-Party

25 Plaintiff SAFEWAY, INC. hereby brings this third-party complaint for express contractual

26 indemnity, equitable indemnity, contribution, and declaration of rights against RANSOME

27 COMPANY, OLSON CO. & STEEL and MOES 1 through 25 inclusive, and each of them, in

28 the above-entitled action as follows:

                                              1
--------
                Third Party Complaint for Express Contractual Indemnity, Equitable
                    Indemnity, Contribution, and Declaration of Rights
   354534.1                                                    Case No. C07-03278

1.      This case involves the alleged denial of accessible facilities to plaintiff, Concetta Jorgensen, a disabled person, by defendant SAFEWAY, INC. and defendants Gary Dove and Deborah Dove (Doves) at the Safeway store located at 2 Camino Sobrante in Orinda, Ca. (subject property).

2.      On of about June 22, 2007, plaintiff Concetta Jorgensen filed a Complaint for Damages and Injunctive Relief against defendants alleging that as a result of the denial of accessible facilities, plaintiff suffered severe personal injuries and a denial of her civil rights in violation of the Americans with Disabilities Act of 1990 and other California state statutes in Case No. C07-03278

3.      Plaintiff further alleges defendants had recently modified and changed the configuration of the subject property and seeks monetary compensation and injunctive relief against defendants as a result of various ADAAG violations at the Safeway store including but not limited to violations in the "accessible path of travel" and with the subject property's hand rails.

4.      SAFEWAY, INC. is a corporation duly authorized to do business under the laws of and within the State of California and occupies a portion of the subject premises at issue in this lawsuit.

5.      Defendants RANSOME COMPANY and OLSON CO. & STEEL are business entities duly organized and existing under the laws of the State of California with their principal places of business in the State of California and within jurisdictional territory of this Court.

6.      The true names and capacities, whether individual, corporate, associate or otherwise of third party defendants MOES 1 through 25, inclusive, are unknown to SAFEWAY, INC., at this time and therefore sues such third-party defendants by such fictitious names. SAFEWAY, INC. is informed and believes and thereon alleges that each of the fictitiously named third-party defendants is legally responsible in some manner for the injuries and/or damages alleged herein; and therefore, SAFEWAY, INC. requests that when the true names and capacities of said fictitiously named third-party defendants are ascertained, it will be permitted to insert the same herein.

7. SAFEWAY, INC. is informed and believes, and thereon alleges, that at all times herein mentioned, each third-party defendant sued herein was, at all times, acting within the purpose and scope of their contractual undertakings with SAFEWAY, INC.

**FIRST CAUSE OF ACTION**
**EXPRESS CONTRACTUAL INDEMNITY**
**(As to All Third-Party Defendants)**

8. SAFEWAY, INC. incorporates herein each allegation contained in paragraphs 1 through 7, of this third-party complaint.

9. On or about June 22, 2007, Plaintiff CONCETTA JORGENSEN ("Plaintiff") filed a Complaint in the above-entitled court, wherein SAFEWAY, INC. is named as a defendant. A copy of Plaintiff's Complaint is attached hereto and marked as Exhibit "A."

10. SAFEWAY, INC. has denied and continues to deny that it is in any way responsible for the events, happenings and/or damages mentioned in Plaintiff's Complaint. However, if SAFEWAY, INC. is held responsible to plaintiff or to any party in this action, or for any matters as alleged in Plaintiff's Complaint it is entitled to express contractual indemnity from third-party defendants RANSOME COMPANY, OLSON CO. & STEEL, and MOES 1-25 inclusive, and each of them for any losses SAFEWAY, INC. may sustain in this Action, including all costs, attorney's fees and/or judgments which may be rendered against it.

11. On or before the incidents alleged in the Plaintiff's Complaint occurred, RANSOME COMPANY and OLSON CO. & STEEL, entered into subcontract agreements with SAFEWAY, INC. and among other things, expressly agreed to defend, indemnify, and hold SAFEWAY, INC. harmless from, inter alia, all claims, loss, damage, injury, court costs and/or attorneys fees incident thereto . . . resulting directly or indirectly from work covered by the contracts. Attached hereto and marked as Exhibits "B" and "C" are true and correct copies of RANSOME COMPANY and OLSON CO. & STEEL's subcontract agreements on the Safeway renovation project.

12. The claims raised against SAFEWAY, INC. in this lawsuit arise from the acts and/or omissions of RANSOME COMPANY and OLSON CO. & STEEL, in the performance of their work set forth in the aforementioned subcontract agreements.

13. SAFEWAY, INC. has performed all conditions required on its part in accordance with the terms of the aforementioned written subcontract agreements.

14. As a direct consequence of the foregoing, SAFEWAY, INC. is entitled to complete and total express contractual indemnity from RANSOME COMPANY, OLSON CO., & STEEL, and MOES 1-25 inclusive and each of them, for any liability or losses incurred whether by judgment, settlement or otherwise by reason of Plaintiff's claims and for costs, expenses and attorneys' fees incurred by SAFEWAY, INC. in its defense of this lawsuit and in the prosecution of this third-party action.

15. SAFEWAY, INC. has incurred, and continues to incur, costs, expenses, and attorney's fees for their investigation and defense of this lawsuit as well as in the prosecution of this third-party action. Additional costs, expenses, and attorney's fees will be necessarily incurred in the future. SAFEWAY, INC. may suffer liability herein for the acts or failures to act of RANSOME COMPANY, OLSON CO. & STEEL and MOES 1-25 inclusive and each of them.

16. SAFEWAY, INC., therefore prays from the Court upon ascertainment of said costs, expenses and attorney's fees and other such costs of liability, to amend this third-party complaint to allege the correct amount thereof.

17. Adjudication of this third-party complaint in conjunction with Plaintiff's action will prevent the multiplicity of trials and will be in the furtherance and interests of justice and expedition of the business of this Court.

## SECOND CAUSE OF ACTION
## EQUITABLE INDEMNITY
### (As to All Third-Party Defendants)

18. SAFEWAY, INC. incorporates herein the allegations of paragraphs 1 through 17 above.

19. SAFEWAY, INC. is informed and believes and thereon alleges that SAFEWAY, INC. is in no way liable for the incident, injuries, and/or damages alleged in Plaintiff's Complaint; and that such incident, injuries, and/or damages alleged in Plaintiff's Complaint were a direct and proximate result of the conduct of third-party defendants RANSOME COMPANY,

OLSON CO. & STEEL and MOES 1-25, inclusive, and each of them. However, in the event that if any party to this action should establish liability on the part of SAFEWAY, INC. which liability is expressly denied, SAFEWAY, INC. is entitled to indemnification by RANSOME COMPANY, OLSON CO. & STEEL and MOES 1 -25 inclusive herein, on the theory of equitable indemnity. If liability is established on the part of SAFEWAY, INC., said third-party defendants will be bound and obligated to defend, indemnify and hold SAFEWAY, INC. harmless from and against any and all claims, losses, damages, attorneys fees, judgments and settlement expenses incurred or to be incurred in this action by SAFEWAY, INC. The exact amount of SAFEWAY, INC.'s damages is unknown at this time and SAFEWAY, INC. will seek leave of Court to set forth the full amount of said damages at the time of trial.

### THIRD CAUSE OF ACTION
### CONTRIBUTION
### (As to All Third-Party Defendants)

20. SAFEWAY, INC. incorporates herein the allegations contained in paragraphs 1 through 19 above.

21. SAFEWAY, INC. is informed and believes and thereon alleges that SAFEWAY, INC. is in no way liable for the incident, injuries, and/or damages alleged in Plaintiff's Complaint; and that the incident, injuries, and/or damages alleged in Plaintiff's Complaint were the direct and proximate result of the conduct of plaintiff and/or third-party defendants, RANSOME COMPANY, OLSON CO. & STEEL, and/or MOES 1 THROUGH 25 inclusive. However, if as a result of the allegations in Plaintiff's Complaint, SAFEWAY, INC. is held liable for all or a part of the damages alleged in Plaintiff's Complaint, then SAFEWAY, INC. is entitled to contribution from the third-party defendants, to the extent of fault attributable to the third-party defendants herein.

### FOURTH CAUSE OF ACTION
### DECLARATION OF RIGHTS
### (As to All Third Party Defendants)

21. SAFEWAY hereby incorporates all the allegations contained in Paragraphs 1 – 20 above.

22.     If there is found to be liability on the part of these third party defendants and SAFEWAY, INC. towards Plaintiff, said liability would be shifted to third party defendants and each of them based upon implied, equitable, and/or express indemnity in that the third-party defendants, and each of them, have an express and equitable duty to indemnify SAFEWAY, INC. because of the active and primary nature of the conduct of the third-party defendants, and each of them, as contrasted with the passive and secondary conduct of SAFEWAY, INC. Accordingly, third-party defendants and each of them are required by law to hold SAFEWAY, INC. harmless and to indemnify it for the amount of any judgment or settlement it may be compelled to pay, along with SAFEWAY, INC.'s expenses, costs of suit, attorneys' fees, and other damages SAFEWAY, INC. incurs in this Action.

23.     SAFEWAY, INC. alleges that a present and actual controversy exists between it and the third-party defendants, and each of them, under the circumstances alleged above. SAFEWAY, INC. has and hereby again tenders its defense in the subject action to third-party defendants, and each of them, contending that the third-party defendants are obligated to undertake the defense of this Action on behalf of the SAFEWAY, INC to represent SAFEWAY, INC.'s interests herein, and to hold SAFEWAY, INC. harmless and reimburse them from any judgment and/or settlement and any and all expenses, costs of suit, attorneys' fees, and /or other damages incurred in this Action. Third-party defendants, and each of them, wrongly deny they have any such obligation.

24.     By reason of the things and matters herein alleged, SAFEWAY, INC. desires a judicial determination of its rights and duties, and a declaration as to whether, in the event Plaintiff or any other party obtains judgment against it, it is entitled to be indemnified by the third party defendants, and each of them. Such a declaration is necessary and appropriate in order to ascertain the parties' rights and duties, and in order to avoid multiplicity of actions, and to promote the settlement of all claims between the parties.

25.     As a direct consequence of the foregoing, SAFEWAY, INC. is entitled to complete and total indemnity from and for any judgment over and against third-party defendants and each of them, for any liability or losses incurred, whether by judgment, settlement or

otherwise by reason of Plaintiff's Complaint on file herein, and for costs, expenses and/or attorneys' fees incurred by SAFEWAY, INC. in its defense to plaintiff's claims, and in the prosecution of this third-party complaint.

**WHEREFORE**, SAFEWAY, INC. prays for judgment against the third-party defendants, and each of them, as follows:

1. For a declaration that it is entitled to partial, equitable, express and implied total indemnity from third-party defendants, and each of them, from and against all expenses, costs of suit, legal fees, damages, judgments or other claims or awards that may be claimed or obtained in this action as described herein; and

2. That if plaintiff recovers any judgment or settlement, SAFEWAY, INC. be fully indemnified by third-party defendants, and each of them, for such judgment or settlement; and

3. For costs of suit, attorneys' fees, expenses and damages incurred by SAFEWAY, INC. in the defense against plaintiff's claims and in the maintenance of this third-party complaint and for other and further relief as the Court deems just and proper under the circumstances of this case.

Dated: July 25, 2008     WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
MICHAEL W. BOLECHOWSKI
ERIC S. WONG
Attorneys for Defendant
SAFEWAY, INC.

Third Party Complaint for Express Contractual Indemnity, Equitable Indemnity, Contribution, and Declaration of Rights

354534.1                                                        Case No. C07-03278