1  DUANE C. MUSFELT, SB# 72058
     E-Mail: musfelt@lbbslaw.com
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone:   (415) 362-2580
4  Facsimile:   (415) 434-0882

5  Attorneys for Third Party Defendant and
   Third Party Plaintiff OLSON & CO. STEEL

6

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                            OAKLAND DIVISION

| | |
|---|---|
| 10  CONCETTA JORGENSEN, | ) CASE NO. CV-07-03278 CW |
| 11      Plaintiff, | ) **The Honorable Claudia Wilken** |
| 12      v. | ) **Dept. 2** |
| 13  SAFEWAY, INC.; GARY DOVE; DEBORAH DOVE; and DOES 1 through 50, inclusive, | ) **OLSON & CO. STEEL'S THIRD PARTY COMPLAINT FOR EQUITABLE INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF** |
| 14      Defendants. | ) |
| 15 | ) |
| 16  SAFEWAY, INC., | ) |
| 17      Defendant/Third Party Plaintiff, | ) ACTION FILED:  6/22/07 <br> ) TRIAL DATE:    Not Yet Set |
| 18      v. | ) |
| 19  RANSOME COMPANY; OLSON & CO. STEEL; and MOES 1 through 25, inclusive, | ) |
| 20      Third Party Defendants. | ) |
| 21 | ) |
| 22  OLSON & CO. STEEL, | ) |
| 23      Third Party Plaintiff, | ) |
| 24      v. | ) |
| 25  ERIC F. ANDERSON, INC., and ROES through 25 inclusive, | ) |
| 26      Third Party Defendants. | ) |

4849-2753-0242.1                           -1-
                OLSON & CO. STEEL'S THIRD PARTY COMPLAINT

COMES NOW, Third Party Plaintiff OLSON & CO. STEEL ("OCS") who hereby complains and alleges as follows:

## I. JURISDICTION

A. These Third Party Claims arise out of the same transactions and occurrences as set forth in the underlying Complaint brought by plaintiff CONCETTA JORGENSEN. As such, subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1332.

B. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2).

## II. PARTIES

1. At all times herein mentioned, Third Party Plaintiff OCS was incorporated under the laws of the State of Delaware and was/is entitled to do business in the State of California.

2. Third Party Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein and material hereto, Third Party Defendant, ERIC F. ANDERSON, INC., is a corporation, organized under the laws of the State of California, and authorized to do business in the State of California.

3. Third Party Plaintiff is uncertain of the true names and capacities of Third Party Defendants ROES 1 through 25, Inclusive, and sues said Third Party Defendants by such fictitious names. Third Party Plaintiff alleges that each said ROE Third Party Defendant is responsible, as principal and/or agent, for the events alleged herein. Third Party Plaintiff will insert the true names and capacities of said fictitiously named Third Party Defendants when the same have been ascertained.

4. Third Party Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein and material hereto, Third Party Defendant ERIC F. ANDERSON, INC. and ROES 1 through 25, inclusive, were the agents, servants, and employees and partners of the others, acting within the scope thereof. A reference to "Third Party Defendants" refers to these Third Party Defendants jointly and severally.

5. Third Party Plaintiff OCS is named a named Third Party Defendant in Defendant/Third Party Plaintiff SAFEWAY, INC's Third Party Complaint, filed in the

instant lawsuit in this Court.

## GENERAL ALLEGATIONS

6. Plaintiff, CONCETTA JORGENSEN, alleges in her Complaint in the instant action that she is a disabled person and that she was allegedly denied accessible facilities by defendant SAFEWAY, INC and defendants GARY DOVE and DEBORAH DOVE at the Safeway store at 2 Camino Sobrante in Orinda, California.

7. On June 22, 2007, plaintiff CONCETTA JORGENSEN filed a Complaint for Damages and Injunctive Relief against defendants SAFEWAY, INC. and GARY and DEBORAH DOVE alleging that as a result of the denial of accessible facilities, plaintiff suffered severe personal injuries and a denial of her civil rights in violation of the American with Disabilities Act of 1990 ("ADA") and various California state statutes, attached hereto as **Exhibit A**.

8. Plaintiff further alleges that defendants SAFEWAY, INC. and GARY and DEBORAH DOVE had recently modified and changed the configuration of the subject property and seeks monetary compensation and injunctive relief against defendants as a result of various alleged ADA violations at the Safeway store including but not limited to violations in the "accessible path of travel" and violations relating to hand rails on the property.

9. On July 25, 2008, defendant/third party plaintiff SAFEWAY, INC. filed a Third Party Complaint for Express Contractual Indemnity, Equitable Indemnity, Contribution, and Declaration of Rights against RANSOME COMPANY and OLSON & CO. STEEL as related to the allegations by plaintiff against SAFEWAY, INC., attached hereto as **Exhibit B**.

10. Third Party Plaintiff OCS denies any liability or responsibility to SAFEWAY, INC. or Plaintiff.

11. Third Party Defendants, and each of them, participated in work performed on the Safeway store described in plaintiff's Complaint that resulted in the alleged denial of accessible facilities.

12. Third Party Plaintiff OCS alleges that in the event the acts of Third Party Defendants, and each of them, is determined to have been a proximate cause of the injuries and

damages, if any, allegedly sustained by plaintiff CONCETTA JORGENSEN, then Third Party Plaintiff OCS is entitled to indemnity and/or contribution from said Third Party Defendants, and each of them, on a comparative fault basis and in an amount equal to the portion of the verdict or judgment herein, if any, which is attributable to the negligent acts or omissions of Third Party Defendants, and each of them.

## FIRST CAUSE OF ACTION

## EQUITABLE INDEMNITY

### (As to All Third-Party Defendants)

13.  Third Party Plaintiff OCS re-alleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 - 12 as though fully set forth herein.

14.  Third Party Plaintiff OCS is informed and believes and thereon alleges that Third Party Plaintiff OCS is in no way liable for the incident, injuries, and/or damages alleged in Plaintiff's Complaint, and that such incident, injuries and/or damages alleged in Plaintiff's Complaint were a direct and proximate result of the conduct of Third Party Defendants, and ROES 1-25 inclusive, and each of them.

15.  If Third Party Plaintiff OCS is found to be liable for the damages, if any, allegedly sustained by plaintiff, then Third Party Defendants, and each of them, have an equitable duty to indemnify Third Party Plaintiff OCS on the theory of equitable indemnity.

16.  If liability is established on the part of Third Party Plaintiff OCS, Third Party Defendants, and each of them, will be bound and obligated to defend, indemnity and hold OCS harmless from and against any and all claims, losses, damages, attorneys fees, judgments and settlement expenses incurred or to be incurred in this action by OCS. The exact amount of OCS's damages are unknown at this time and OCS will seek leave of Court to set forth the fill amount of said damages at the time of trial.

WHEREFORE, judgment is prayed as hereafter set forth.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

## CONTRIBUTION

### (As to All Third-Party Defendants)

17. Third Party Plaintiff OCS refers to paragraphs 1 through 16 and incorporates the same herein by reference as though fully set forth.

18. Third Party Plaintiff OCS is now faced with a loss, which, in good conscience, equity, and justice, Third Party Plaintiff should not be faced with by virtue of the conduct of Third Party Defendants, and each of them.

19. Each Third Party Defendant was responsible, in whole or in part, for the injuries, if any, suffered by Plaintiff or SAFEWAY, INC.

20. By reason of the negligence of Third Party Defendants, and each of them, if any judgment or settlement occurs herein by which Third Party Plaintiff OCS is required to make payment to Plaintiff or SAFEWAY, INC., Third Party Plaintiff OCS is entitled to contribution from Third Party Defendants in an amount commensurate with that portion of comparative fault attributable to the negligent acts and omissions of Third Party Defendants, and each of them.

21. If Third Party Plaintiff OCS is judged liable to plaintiff, or to SAFEWAY, INC. for subrogation and indemnity, each Third Party Defendant should be required to: (1) pay a share of plaintiff, or to SAFEWAY, INC.'s judgment which is in proportion to the comparative liability of that Third Party Defendant in causing plaintiff's, or SAFEWAY, INC.'s damages, and (2) to reimburse Third Party Plaintiff OCS for any payment it makes to plaintiff, or to SAFEWAY, INC. in excess of its proportional share of all Third Party Defendants' liability.

WHEREFORE, judgment is prayed as hereafter set forth.

## THIRD CAUSE OF ACTION

## DECLARATORY RELIEF

### (As to All Third-Party Defendants)

22. Third Party Plaintiff OCS refer to paragraphs 1 through 21 and incorporates the same herein by reference as though fully set forth.

23. A dispute has arisen, and an actual controversy exists, between Third Party Plaintiff OCS and Third Party Defendants, and each of them, concerning the respective rights, duties, and obligations of Third Party Defendants, and each of them, to indemnify or provide comparative contribution to Third Party Plaintiff OCS in regard to a verdict or judgment, if any, rendered against Third Party Plaintiff OCS in the above-entitled action by reason of the allegations of the plaintiff's Complaint and/or SAFEWAY, INC's Third Party Complaint on file herein. Third Party Plaintiff OCS respectfully requests a declaration of rights and duties of Third Party Defendants, and each of them, to Third Party Plaintiff OCS.

24. Third Party Plaintiff OCS contends that in the event the acts and omissions of Third Party Defendants, and each of them, are determined to have been a proximate cause of the injuries and damages, if any, allegedly sustained by the plaintiff and/or SAFEWAY, INC., then Third Party Plaintiff OCS is entitled to indemnity or comparative contribution from Third Party Defendants, and each of them, in an amount commensurate with the degree of fault attributable to the negligence of Third Party Defendants, and each of them.

25. Third Party Plaintiff OCS is informed and believes, and thereon alleges, that Third Party Defendants, and each of them, deny any breach of duty on their part and further deny, by implication, that they are obligated to indemnify or provide comparative contribution to Third Party Plaintiff OCS.

26. The exact amount of Third Party Plaintiff OCS's damages are unknown at this time and OCS will seek leave of Court to set forth the fill amount of said damages at the time of trial.

///
///
///

WHEREFORE, Third Party Plaintiff OCS herein prays for judgment against Third Party Defendants, and each of them, as follows:

### PRAYER FOR RELIEF

1.  If Third Party Plaintiff OCS is found to be liable to SAFEWAY, INC. and/or plaintiff, then for judgment to be rendered against Third Party Defendants, and each of them, for full, complete or partial indemnity and/or contribution in an amount commensurate with that degree of fault attributable to the negligence of Third Party Defendants, and each of them;

2.  For a decree by this Court resolving all of the rights and liability of the parties, and each of them, with specific reference to Third Party Plaintiff OCS's right of indemnity or comparative contribution from Third Party Defendants, and each of them;

3.  For a declaration by this Court determining that Third Party Plaintiff OCS is entitled to reimbursement by way of indemnification or comparative contribution from Third Party Defendants, and each of them, in respect to any and all settlements or compromises which may be entered into between Third Party Plaintiff OCS and SAFEWAY, INC. and/or plaintiff, and that said reimbursement be determined upon the basis of the comparative fault of Third Party Defendants, and each of them, in relation to the total sum of any such settlement;

4.  For all attorney's fees, expert fees, costs and discovery expenses incurred, or to be incurred, by Third Party Plaintiff OCS as a Third Party Defendant in the above-entitled action, according to proof;

5.  For costs of suit incurred herein; and

6.  For such other and further relief as the Court may deem just and proper.

DATED: August 14, 2008

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Duane C. Musfelt
Attorneys for Third Party Defendant and Third Party Plaintiff OLSON & CO. STEEL

4849-2753-0242.1

-7-

OLSON & CO. STEEL'S THIRD PARTY COMPLAINT

**FEDERAL COURT PROOF OF SERVICE**
*Jorgensen v. Safeway, Inc., et al.*
United States District Court, Northern District of California, Case No. CV-07-03278 CW

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

     At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400, San Francisco, California. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     On August 14, 2008, I served the following document(s): **OLSON & CO. STEEL'S THIRD PARTY COMPLAINT FOR EQUITABLE INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF**

     I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| *Attorneys for Plaintiff Concetta Jorgensen* | *Attorneys for Defendant/3rd Party Plaintiff Safeway, Inc.* |
|---|---|
| Brian Gearinger<br>Gearinger Law Group<br>825 Van Ness Avenue, 4th Floor<br>San Francisco, CA  94109<br>Telephone:    (415) 440-3175<br>Facsimile:     (415) 440-3103<br>E-Mail:          brian@gearingerlaw.com<br><br>Julie Ostil<br>Law Offices of Julie A. Ostil<br>1989 Santa Rita Road, #A-405<br>Pleasanton, CA  94566<br>Telephone:    (925) 265-8257<br>Facsimile:     (925) 999-9465<br>E-Mail:          jostil@ostillaw.com<br><br>Paul L. Rein<br>Law Offices of Paul L. Rein<br>200 Lakeside Drive, Suite A<br>Oakland, CA  94612<br>Telephone:    (510) 832-5001<br>Facsimile:     (510) 832-4787<br>E-Mail:          reinlawoffice@aol.com | Michael W. Bolechowski<br>Wilson, Elser, Moskowitz, Edelman & Dicker<br>525 Market Street, 17th Floor<br>San Francisco, CA  94105<br>Telephone:    (415) 433-0990<br>Facsimile:     (415) 434-1370<br>E-Mail:          michael.bolechowski@wilsonelser.com<br><br>*Attorneys for Defendants/3rd Party Plaintiffs Gary Dove and Deborah Dove*<br><br>William F. Murphy<br>Dillingham & Murphy LLP<br>225 Bush Street, 6th Floor<br>San Francisco, CA  94104<br>Telephone:    (415) 397-2700<br>Facsimile:     (415) 397-3300<br>E-Mail:          wfm@dillinghammurphy.com |

The documents were served by the following means:

[X]    (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X]    (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

4851-2669-0050.1

PROOF OF SERVICE

*Left margin:* LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2  Executed on August 14, 2008, at San Francisco, California.

*[signature: Shawn Adams]*

SHAWN ADAMS

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4851-2669-0050.1

PROOF OF SERVICE