1  JEFFREY M. VUCINICH, ESQ. BAR#: 67906
   PATRICK R. CO, ESQ. BAR #: 200160
2  CLAPP, MORONEY, BELLAGAMBA and VUCINICH
   A PROFESSIONAL CORPORATION
3  1111 Bayhill Drive, Suite 300
   San Bruno, CA 94066
4  (650) 989-5400  (650) 989-5499 FAX

5  Attorneys for Defendant
   RANSOME COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CONCETTA JORGENSEN, | CASE NO.: C07-03278 CW |
|---|---|
| Plaintiff, | **DEFENDANT RANSOME COMPANY'S ANSWER TO THIRD PARTY COMPLAINT BY SAFEWAY, INC.** |
| v. | |
| SAFEWAY, INC.; GARY DOVE; DEBORAH DOVE; and DOES 1-50, inclusive, | |
| Defendants. | |
| AND RELATED CROSS-ACTION. | |

COMES NOW defendant, RANSOME COMPANY, and in answer to the Second Amended Complaint of Plaintiff SAFEWAY, INC., on file herein, admits, denies, and alleges as follows:

1. Answering the allegations contained in Paragraph 1, defendant admits that plaintiff Concetta Jorgensen alleges that this "case involves the denial of accessible facilities, to plaintiff..." at Safeway's store. (¶ 1, pg. 1:27-28, Jorgensen Complaint). As to all other allegations in paragraph 1, defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

2. Answering the allegations contained in Paragraph 2, defendant admits that plaintiff Concetta Jorgensen filed a Complaint for Damages and Injunctive Relief alleging denial of accessible facilities in violation of her rights under the Americans with Disabilities Act and other California State

Statutes in Case No. 07-3278. Except as expressly admitted, defendant alleges that it is without sufficient information or belief to enable it to answer the remaining allegations of that paragraph and, basing its denial on that ground, denies the remaining allegations therein.

3. Answering the allegations contained in Paragraph 3, defendant admits that Plaintiff alleges that "Safeway and defendants recently modified and changed the configuration of walkways and disabled parking spaes, but failed to leave an accessible path of travel..." (¶ 1, pg. 2:8-10, Jorgensen's Complaint). Except as expressly admitted, defendant alleges that it is without sufficient information or belief to enable it to answer the remaining allegations of that paragraph and, basing its denial on that ground, denies the remaining allegations therein.

4. Answering the allegations contained in Paragraph 4, defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

5. Answering the allegations contained in Paragraph 5, Defendant admits that it is a business entity duly organized and existing under the laws of the State of California, with its principal place of business in the State of California and within the jurisdictional territory of this Court. Except as expressly admitted, defendant alleges that it is without sufficient information or belief to enable it to answer the remaining allegations of that paragraph and, basing its denial on that ground, denies the remaining allegations therein.

6. Answering the allegations contained in Paragraph 6, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

7. Answering the allegations contained in Paragraph 7, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

8. Answering the allegations contained in Paragraph 8, Answering the allegations contained in Paragraph 59, answering defendant incorporates by reference its responses to Paragraphs 1 through 7, inclusive, as if said responses were fully set forth herein.

9. Answer the allegations contained in Paragraph 9, answering defendant admits the

allegations therein.

10. Answering the allegations contained in Paragraph 10, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

11. Answering the allegations contained in Paragraph 11, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

12. Answering the allegations contained in Paragraph 12 answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

13. Answering the allegations contained in Paragraph 13, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

14. Answering the allegations contained in Paragraph 14, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

15. Answering the allegations contained in Paragraph 15, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

16. Answering the allegations contained in Paragraph 16, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

17. Answering the allegations contained in Paragraph 17, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

///

///

///

## SECOND CAUSE OF ACTION

## EQUITABLE INDEMNITY

### (As to All Third-Party Defendants)

18.  Answering the allegations contained in Paragraph 18, answering defendant incorporates by reference its responses to Paragraphs 1 through 17, inclusive, as if said responses were fully set forth herein.

19.  Answering the allegations contained in Paragraph 19, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

## THIRD CAUSE OF ACTION

## (CONTRIBUTION)

20.  Answering the allegations contained in Paragraph 20, answering defendant incorporates by reference its responses to Paragraphs 1 through 19, inclusive, as if said responses were fully set forth herein.

21.  Answering the allegations contained in Paragraph 21, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

## FOURTH CAUSE OF ACTION

## DECLARATION OF RIGHTS

### (As to All Third Party Defendants)

21.  Answering the allegations contained in Paragraph 21, answering defendant incorporates by reference its responses to Paragraphs 1 through 21, inclusive, as if said responses were fully set forth herein.

22.  Answering the allegations contained in Paragraph 22, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

23.  Answering the allegations contained in Paragraph 23, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that

paragraph and, basing its denial on that ground, denies the allegations therein.

24. Answering the allegations contained in Paragraph 24, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

25. Answering the allegations contained in Paragraph 25, answering defendant alleges that it is without sufficient information or belief to enable it to answer each and every allegation of that paragraph and, basing its denial on that ground, denies the allegations therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault–Plaintiff)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that third party complainant was careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault proximately and concurrently caused the alleged damages sustained by third party complainant. Under principles of comparative fault, third party complainant must bear sole, or partial responsibility for its alleged injuries, damages, or other alleged loss, if any, using a percentage allocation of third party complainant's fault or negligence.

### THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault–Third Parties)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the happening of the incidents complained of, and loss and damage, if any, which the third party complainant allegedly sustained, was caused wholly or in part by the fault of persons, firms, corporations, or entities other than this answering defendant, and such fault is imputed to the third party complainant and either eliminates or comparatively reduces the percentage of fault, if any, of defendant with respect to the matters complained of in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that third party complainant acted with full knowledge of all the facts and circumstances surrounding its damages and that said matters of which third party complainant assumed the risk proximately contributed to and proximately caused the injuries or damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

**(Superseding Cause/Sole Proximate Cause)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that the damages, if any, suffered by third party complainant were caused by the acts and/or omissions of persons or entities other than answering defendants, which acts were the superseding and/or sole proximate cause of plaintiff's alleged damages. Accordingly, any recovery by third party complainant from answering defendant should be barred or reduced to the extent of such responsibility.

### SIXTH AFFIRMATIVE DEFENSE

**(Lawful Acts)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that at all times relevant herein, each of the acts alleged to have been committed by the answering defendant was committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within its legal responsibility and discretion.

### SEVENTH AFFIRMATIVE DEFENSE

**(Plaintiff's Consent/Ratification)**

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that third party complainant consented to, authorized and ratified the acts complained of in the complaint and that said consent was both express and implied.

///

///

///

### EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that third party complainant's causes of action are barred by virtue of the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

(Mitigation)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that third party complainant has failed to mitigate his alleged damages, if any, which he claims to have sustained, and its recovery, if any, should be barred or diminished accordingly.

### TENTH AFFIRMATIVE DEFENSE

(Periods of Limitation)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that each and every cause of action is barred by virtue of third party complainant's failure to comply with the requirements of California Code of Civil Procedure §§ 335 et seq. including, but not limited to 335.1, 340.6 and 337, as well as period of limitations prescribed in 15 U.S.C. § 1691.

### ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that third party complainant directed, ordered, approved and ratified defendant's conduct and third party complainant is therefore estopped from asserting any claim based thereon.

### TWELVTH AFFIRMATIVE DEFENSE

(Failure to State Claim for Attorneys Fees)

As a separate and distinct affirmative defense to the Complaint, this answer defendant alleges third party plaintiff failed to state a claim upon which attorneys' fees can be awarded.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Defendants' Full Performance Under Contract)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges

that prior to the commencement of this action, this answering defendant duly performed, satisfied and discharged all duties and obligations that it may have owed to the third party complainant arising out of any and all agreements, representations or contracts made by it or on behalf of this answering defendant and this action is therefore barred by the provisions of California Civil Code Section 1473, 1474, 1475, 1477, and 1485.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Set-Off/Reduction)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that third party complainant's Complaint is barred and the amount plaintiff may recover is reduced, because this answering defendant is entitled to a set-off from any recovery to the extent of the value of all benefits received by, available to, paid, incurred, or payable on third party complainant's behalf, and for the value of services rendered and costs advanced by this answering defendant on third party complainant's behalf in the event of a finding of any liability in favor of third party complainant.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that without acknowledging that defendant committed any of the acts alleged in the Complaint, or that such matters occurred in the manner alleged, or at all, defendant contends that plaintiff, both expressly and through his conduct, waived the right to complain of the conduct alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that each cause of action in the Complaint are barred by the doctrine of laches in that third party complainant unreasonably delayed in bringing this action and such delay caused prejudice to defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Insufficient Knowledge/Unstated Defenses)

As a separate and distinct affirmative defense to the Complaint, this answering defendant presently

has insufficient knowledge or information on which to form a belief as to whether defendant may have additional, as yet unstated defenses available. Defendant, therefore, reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that it is entitled to a right of indemnificationby apportionment and to a right of contribution from any person whose negligence proximately contributed to the happening of the alleged injuries of third party plaintiff if third party plaintiff should receive a verdict against this defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that if itis determined that this answering defendant did not perform one or more obligations under any contract or agreement (which defendant denies), then third party plaintiff did not perform its obligations under the contracts or agreements, which obligations were conditions precedent to any performance by defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, this answering defendant alleges that there is no privity of contract between third party plaintiff and defendant because third party plaintiff was not a party to any of the contracts alleged.

WHEREFORE, this answering defendant prays for judgment against plaintiff as follows:

1. That the third party plaintiff takes nothing by way of its Complaint;

2. That all costs of suit, including reasonable attorneys' fees, be awarded to the answering defendant;

3. That judgment be entered in favor of the answering defendant; and

4. That this Court award such further relief it deems just an proper.

///

///

///

///

///

## DEMAND FOR JURY TRIAL

This answering defendant hereby demands a trial by jury in this action.

DATED: September 8, 2008

                                      CLAPP, MORONEY, BELLAGAMBA
                                             and VUCINICH

                               By: _____
                                         PATRICK R. CO
                                         Attorneys for Defendant
                                         RANSOME COMPANY

**CONCETTA JORGENSEN v. SAFEWAY, INC., etal.**
United States District Court, Northern District of California Case No. C07-03278 CW

### PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On the date indicated below, I served the within:

**DEFENDANT RANSOME COMPANY'S ANSWER TO THIRD PARTY COMPLAINT BY SAFEWAY, INC.**

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

| | |
|---|---|
| Brian Gearinger, Esq.<br>Gearinger Law Group<br>825 Van Ness Avenue, 4th Floor<br>San Francisco, CA 94109<br>Tel: (415) 440-3175<br>Fax: (415) 440-3103<br>e-mail: brian@gearingerlaw.com<br>*Attorneys for Plaintiff Concetta Jorgensen* | Julie Ostil, Esq.<br>Law Offices of Julie A. Ostil<br>1989 Santa Rita Road, Suite A-405<br>Pleasanton, CA 94566<br>Tel: (925) 265-8257<br>Fax: (925) 999-9465<br>e-mail: jostil@ostillaw.com<br>*Attorneys for Plaintiff Concetta Jorgensen* |
| Paul L. Rein, Esq.<br>Law Offices of Paul L. Rein<br>200 Lakeside Drive, Suite A<br>Oakland, CA 94612<br>Tel: (510) 832-5001<br>Fax: (510) 832-4787<br>e-mail: reinlawoffice@aol.com<br>*Attorneys for Plaintiff Concetta Jorgensen* | Michael W. Bolechowski, Esq.<br>Wilson, Elser, Moskowitz, Edelman & Dicker<br>525 Market Street, 17th Floor<br>San Francisco, CA 94105<br>Tel: (415) 433-0990<br>Fax: (415) 434-1370<br>e-mail: michael.bolechowski@wilsonelser.com<br>*Attorneys for 3rd Party Plaintiff Safeway, Inc. and defendant Safeway, Inc.* |
| William F. Murphy, Esq.<br>J. Cross Creason, III, Esq.<br>John Norman Dahlberg, Esq.<br>Dillingham & Murphy<br>225 Bush Street, 6th Floor<br>San Francisco, CA 94104-4207<br>Tel: (415) 397-2700<br>Fax: (415) 397-3300<br>e-mail: wfm@dillinghammurphy.com<br>e-mail: jcc@dillinghammurphy.com<br>e-mail: jnd@dillinghammurphy.com<br>*Attorneys for Deborah Dove and Gary Dove* | Duane C. Musfelt, Esq.<br>Lewis Brisbois Bisgaard Smith LLP<br>One Sansome Street, Suite 1400<br>San Francisco, CA 94104-4431<br>Tel: (415) 362-2580<br>Fax: (415) 434-0882<br>e-mail: musfelt@lbbslaw.com<br>*Attorneys for 3rd Party defendant Olson & Co. Steel* |

[X] (BY UNITED STATED MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the address listed above and (specify one).

(1) ☐ deposited the seal envelope with the United States Postal Service, with the postage fully pre-paid.

G:\Data\DOCS\0094\04004\POS

1      (2) ■ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid to the above listed parties.

☐ (BY PERSONAL SERVICE) I personally delivered the documents to the persons at the addresses as set forth above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) for a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ (BY FAX TRANSMISSION) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers set forth above. No error was reported by the fax machine that I used. A copy of the record of transmission, which I printed out, is attached.

☐ (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons set forth above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier to:

[X] (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed as noted above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (BY MESSENGER SERVICE) I served the documents by placing then in an envelope or package addressed to the persons at the addresses as noted above and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

    Executed on September 8, 2008 at San Bruno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                   */s/ Claudia Gomez*

G:\Data\DOCS\0094\04004\POS