PAUL L. REIN, Esq. (SBN 43053)
JULIE OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787

BRIAN GEARINGER, Esq.
GEARINGER LAW GROUP
825 Van Ness Ave., 4th Floor
San Francisco, CA 94109
Telephone: (415) 440-3175
Facsimile: (415) 440-3103

Attorneys for Plaintiff
CONCETTA JORGENSEN

MICHAEL BOLECHOWSKI, Esq. (SBN 118725)
ERIC S. WONG, Esq. (SBN 197310)
WILSON, ELSER, MOWKOWITZ, EDELMAN & DICKER LLP
525 Market St., 17th Floor
San Francisco, CA 94105
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants
SAFEWAY INC.

WILLIAM F. MURPHY, Esq. (SBN 82482)
JOHN N DAHLBERG, ESQ. (SBN 85122)
J. CROSS CREASON, Esq. (SBN 209492)
DILLINGHAM & MURPHY, LLP
225 Bush Street, 6th Floor
San Francisco, CA 94104
Telephone: (415) 397-2700
Facsimile: (415) 397-3300

Attorneys for Defendants
GARY DOVE and DEBORAH DOVE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCETTA JORGENSEN<br><br>　　　Plaintiff,<br>v.<br><br>SAFEWAY INC.; GARY DOVE; DEBORAH DOVE; AND DOES 1-50, INCLUSIVE,<br>　　　Defendants,<br><br>And related cross-claims.<br>_____/ | Case No. C07-3278 CW<br><br>Civil Rights<br><br><br>**SETTLEMENT AGREEMENT AND ORDER** |

## SETTLEMENT AGREEMENT AND ORDER

1. Plaintiff CONCETTA JORGENSEN ("plaintiff") filed a Complaint in this action on June 22, 2007, to obtain recovery of damages for alleged discriminatory experiences, denial of access, and denial of civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, SAFEWAY INC.; GARY DOVE; and DEBORAH DOVE ("defendants"), relating to the condition of the public accommodations at the Safeway store located at 2 Camino Sobrante, Orinda, California.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Safeway store.

2. Defendants deny the allegations in the Complaint and by entering into this Settlement Agreement do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The parties hereby enter into this Settlement Agreement for the purpose of resolving this lawsuit as to injunctive relief only, without the need for protracted litigation, and without the admission of any liability.  No settlement has been reached with regard to plaintiff's claims for damages or statutory attorney fees, litigation expenses and costs.

**JURISDICTION:**

3. The parties to this Settlement Agreement agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; 54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Settlement Agreement agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court.  Accordingly, they agree to the

entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

5. WHEREFORE, the parties to this Settlement Agreement hereby agree and stipulate to the Court's entry of the proposed Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**:

6. This Order shall be a full, complete, and final disposition and settlement of plaintiff's claims against Defendants for injunctive relief that have arisen out of the acts or omissions alleged or which could have been alleged in the subject Complaint.  The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Settlement Agreement and Order should not be construed as such.

7. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Settlement Agreement and Order.

8. Remedial Measures: The corrective work agreed upon by the parties is attached to this Settlement Agreement as **Exhibit A**.  Defendants agree to undertake, or to cause other parties to the litigation to undertake all of the remedial work set forth in the Exhibit.

9. Timing of Injunctive Relief:  Defendants will submit plans for all corrective work to the appropriate governmental agencies within 30 days of the approval of this Settlement Agreement by the parties to this Agreement.  Defendants will commence work within 30 days of receiving all required approvals from the appropriate agencies.  Defendants and/or the other parties to this litigation will use their best efforts to complete the work within 30 days of commencement.  For work not requiring building permits, or other governmental approvals or inspections, the work will be completed within 60 days of the effective date of this Settlement Agreement.  In the event that unforeseen difficulties prevent Defendants or other

parties to this litigation from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay.  Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the approval of this Settlement Agreement.

10. If Plaintiff contends any or some portion of the corrective construction work to be completed under this Settlement Agreement has not been carried out correctly, Plaintiff will provide written notice to Defendants and their counsel detailing in what respects Plaintiff contends the premises are not compliant.  Within 14 calendar days of receiving this notice, Defendants will respond to this notice.  If the parties are not able to agree upon a course of action, they will hold a meet and confer within 30 calendar days of Plaintiff's written notice and will use their best efforts to resolve the dispute informally.  If the parties are still not able to agree, they will submit the matter to the judge then assigned to the case.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

11. The parties have not yet reached an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses and costs.  These issues shall be the subject of further negotiation, litigation, and/or motions to the court.

**ENTIRE CONSENT ORDER**:

12. This Settlement Agreement and Order and Attachment A to this Settlement Agreement, which is incorporated by this reference as if fully set forth in this document, constitute the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Settlement Agreement  shall be enforceable regarding the matters of injunctive relief described herein.

**ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

13. This Settlement Agreement and Order shall be binding on Plaintiff CONCETTA JORGENSEN; Defendants SAFEWAY INC.; GARY DOVE; DEBORAH DOVE; and any

successors in interest.  The parties have a duty to so notify all such successors in interest of the existence and terms of this Settlement Agreement and Order during the period of the Court's jurisdiction of this Settlement Agreement and Order.

**<u>MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:</u>**

14.     Each of the parties to this Settlement Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement Agreement, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Settlement Agreement is signed.  Except for all obligations required in this Settlement Agreement, the parties intend that this Settlement Agreement applies to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Settlement Agreement.  Therefore, except for all obligations required in this Settlement Agreement, this Settlement Agreement shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Settlement Agreement with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

15.     For all obligations arising out of this Settlement Agreement, excluding claims for damages, statutory attorney fees, litigation expenses and costs, Plaintiff Concetta Jorgensen, on her own behalf, and on behalf of her agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges the Defendants, and all other persons or entities who at any time have managed or owned the subject premises, including but not limited

to D. Thomas Snow and their respective officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Injunctive Relief portion of the lawsuit .

16. For all obligations arising out of this Settlement Agreement, Defendants, on their own behalf and on behalf of their agents, representatives, predecessors, successors, heirs, partners and assigns, release and forever discharge the Plaintiff, and her agents, attorneys, insurance carriers, heirs, predecessors, and representatives from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Injunctive Relief portion of the lawsuit.

17. Nothing in this Settlement Agreement releases any claims which Safeway, Gary Dove or Deborah Dove may have against any third party defendant such as Ransome Paving, Olson Steel, their respective insurance carriers, Eric F. Anderson, Inc., Arch Insurance, or any other person, insurance carrier, or entity.

**TERM OF THE SETTLEMENT AGREEMENT AND ORDER**:

This Settlement Agreement and Order shall be in full force and effect for a period of twelve (12) months after the date of approval of this Settlement Agreement and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Settlement Agreement, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

18. If any term of this Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Settlement Agreement and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**:

19.   Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Settlement Agreement and Order.  This Settlement Agreement and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: _____, 2008

_____
Plaintiff CONCETTA JORGENSEN

Dated: _____, 2008

_____
Defendant SAFEWAY INC.

Dated: _____, 2008

_____
Defendant GARY DOVE

Dated: _____, 2008

_____
Defendant DEBORAH DOVE

APPROVED AS TO FORM:

Dated: _____, 2008    PAUL L. REIN
                                LAW OFFICES OF PAUL L. REIN

                                JULIE OSTIL
                                LAW OFFICE OF JULIE OSTIL

                                BRIAN GEARINGER
                                GEARINGER LAW GROUP


                                _____
                                Attorneys for Plaintiff
                                CONCETTA JORGENSEN


Dated: _____, 2008    MICHAEL BOLECHOWSKI
                                ERIC S. WONG
                                WILSON ELSER ET AL.

|   |   |
|---|---|
| | _____ |
| | Attorneys for Defendants SAFEWAY INC. |
| Dated: _____, 2008 | WILLIAM F. MURPHY<br>JOHN N. DAHLBERG<br>J. CROSS CREASON<br>DILLINGHAM & MURPHY, LLP |
| | _____<br>Attorneys for Defendants GARY DOVE and DEBORAH DOVE |

**ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated:     6/30/09                           /s/ Claudia Wilken

                                            HON. CLAUDIA WILKEN
                                            U.S. DISTRICT JUDGE